(C.R.D. 78–8)

UNITED STATES CUSTOMS COURT

In The Matter of N. C. Trad-ing Company, Inc.

Appeal No. 78–10

(Dated June 30, 1978)

Pursuant to an order entered in the United States Court of Customs and Patent Appeals on June 7, 1978, the undersigned states as follows:

On October 4, 1977, N. C. Trading Company, Inc., hereinafter referred to as the movant, filed with the clerk of the Customs Court a motion pursuant to rules 4.12 and 1.1 of the court rules for leave to intervene in this action which was brought under 19 U.S.C. § 1516 (d) and 28 U.S.C. § 2631(b) and to be named as a party in interest. The movant contended:

> 1. that 19 U.S.C. § 1516(f) gives a consignee a clear right to participate in proceedings under 19 U.S.C. § 1516 as a party in interest, and that N. C. Trading is a consignee;
> 2. that the legislative history of section 1516(f) in no way qualifies the plain meaning of the statute;
> 3. that failure to give effect to section 1516(f) would raise serious constitutional questions since a consignee has a direct and substantial interest in the outcome of the case—an interest not adequately represented by the existing parties; and
> 4. that the Customs Court has the authority to permit a consignee to participate even though its rules are silent in accordance with guidance provided by the Federal Rules of Civil Procedure.

The parties in this action opposed the motion. On October 17, 1977, plaintiff filed a memorandum in which it contended:

> 1. the Customs Court lacks authority to permit intervention in the action;
> 2. that the movant has not established that it is a statutory consignee;
> 3. that a consignee does not have a statutory right to be a party in interest in a section 1516(d) proceeding;
> 4. that the movant, even if *arguendo* a statutory consignee, would not be deprived of any constitutional right by not being permitted to intervene in the action;
> 5. that the court rules impliedly prohibit, and, in any event, do not permit participation of parties in interest in section 1516(d) proceedings;
> 6. that even were the criteria for intervention under Federal Civil Practice Rule 24(a) available, movant would not qualify; and

7. that movant failed to file a pleading as required under Federal Civil Practice Rule 24(c).

On November 7, 1977, defendant filed a memorandum in which it contended:

1. that movant is not a consignee within the meaning of section 1516(f);

2. that there is no statutory authority for third-party intervention in a section 1516(d) proceeding and, as the Customs Court is a court of limited statutory authority, none may be implied;

3. that section 1516(d), by its very nature, is intended to be a two party action between the domestic manufacturer and the government;

4. that in the event the domestic manufacturer prevails in a section 1516(d) proceeding and countervailing duties are assessed on future entries of merchandise as a result the consignees therein have an adequate remedy at law; and

5. that in the absence of any express or implied authority to intervene reference to the Federal Rules of Civil Procedure is inapposite.

After due consideration and deliberation upon the moving and opposition papers the court agreed with the basic and underlying contentions of the parties, plaintiff and defendant, and, accordingly, denied the motion. In so doing, the court found as facts:

1. that section 1516(f) employs the definite article "The" before the word "consignee" and not the indefinite article "A" before such word as contended for by the movant, and, therefore, the word "consignee" has limited textual application;

2. that the validity of section 1516(d) was not challenged by the movant on any constitutional grounds in its motion to intervene.

Accordingly, the court concluded as matters of law:

1. that the words "The consignee" in section 1516(f) refer *solely* to the consignee of the entry underlying the three party action provided for in 19 U.S.C. § 1516(c) between the American manufacturer, the United States, and the consignee of an entry of merchandise upon which the action is predicated and whose right to intervene is provided for in rule 5.1 of the Customs Court rules;

2. that section 1516(d) provides only for the maintenance of a two party action in the Customs Court between the American manufacturer and the United States, independent of any particular entry of merchandise; and

3. that absent a statutory basis the movant lacks standing to intervene, and the Customs Court lacks power to permit intervention of additional parties not properly before the court.

SCOVEL RICHARDSON,
*Judge, United States Customs Court.*